UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SYLVESTER THOMAS, JR.,

Plaintiff,

v.  CAUSE NO. 3:23-CV-294-DRL-JEM

INDIANA STATE OF *et al.*,

Defendants.

OPINION AND ORDER

Sylvester Thomas, Jr., who also refers to himself as GOD, is a prisoner being held at Indiana State Prison. Without the benefit of a lawyer, he filed a complaint against State of Indiana, Governor Eric Holcomb, Attorney General Todd Rokita, Indiana Department of Correction, Commissioner Christina Reagle, Indiana State Prison, and Warden Ron Neal. ECF 1. He also filed a separate motion delineating the relief he is seeking. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Thomas alleges that, on December 9, 2022, Lt. Lott placed his hands on Mr. Thomas. Mr. Thomas removed Lt. Lott's hands and said, "don't put your hands on me." ECF 1 at 2. Lt. Lott backed up, unholstered his O.C. spray, and threatened to spray Mr.

Thomas if he didn't leave the cell house.[1] Mr. Thomas was housed in that cell house and wasn't sure where he was supposed to go. Mr. Thomas asked where he was to go, didn't receive an answer, and was eventually placed in cuffs. Lt. Lott then took Mr. Thomas to a holding cell. After the incident, Mr. Thomas was housed in segregation without his property and deprived of certain privileges pending screening and a hearing related to the incident. Mr. Thomas believes his due process rights were violated by depriving him of his property and privileges in the absence of a finding of guilt.

The Constitution doesn't create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a

---

[1] Mr. Thomas didn't name Lt. Lott as a defendant. Even if the complaint had named Lt. Lott as a defendant, Mt. Thomas would not have been granted leave to proceed, as the allegations in the complaint do not state a claim against Lt. Lott. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Mr. Thomas alleges only that Lt. Lott placed his hands on him with malicious intentions, and that Mr. Thomas removed Lt. Lott's hands. While Mr. Thomas found this offensive, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973).

result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Less than four months passed between the incident and the filing of Mr. Thomas' complaint. Even if he were deprived of property and privileges during this entire time, the deprivation wouldn't violate the due process clause.

Mr. Thomas was screened for a disciplinary charge relating to the December 9, 2022, incident on January 9, 2023. Through this process, Mr. Thomas learned that Lt. Lott claimed that he lifted his hands to create space between himself and Mr. Thomas, but Mr. Thomas knocked Lt. Lott's arm down, so Lt. Lott then reached for his O.C. spray. In response to the screening, Mr. Thomas requested a review of the video evidence. The officer reviewing the video offered a description of events that differs from both Mr. Thomas' description and Lt. Lott's description: he says the video shows Mr. Thomas try to push Lt. Lott, and Lt. Lott responding by pushing Mr. Thomas to get some space between them. Mr. Thomas was apparently found guilty of an offense, though it is unclear what offense he was charged with or how he was sanctioned.

If Mr. Thomas lost time credit, he cannot pursue a claim that he was wrongfully charged until the guilty finding is overturned. *See Edwards v. Balisok*, 520 U.S. 641 (1997) ("state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"). His complaint doesn't permit an inference that the disciplinary charge has been overturned.[2]

If Mr. Thomas didn't lose time credit, then the due process clause doesn't apply. "The due process clause of the fourteenth amendment . . . applies only to deprivations of life, liberty, and property. Otherwise states are free to act summarily." *Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). Termination from a prison job, the loss of privileges, or a transfer to a less desirable location don't trigger due process protections. *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs" were not significant enough to trigger due process concerns); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments").

Finally, Mr. Thomas expresses frustration at the manner grievances about these events were handled. Mr. Thompson, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting

---

[2] Even if the court assumes that Mr. Thomas lost credit time *and* the finding of guilt has been overturned, he still hasn't stated a claim. Mr. Thomas notes that there was delay in both the screening and hearing related to the charge. There was only a one-month delay between the incident and the screening. This short delay does not amount to a due process violation. *See U.S. ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 659 (7th Cir. 1980) (two-month delay in informing prisoner of charges is not sufficient to deny due process of law). It is unclear how much time passed between the screening and a hearing on the charges, but it couldn't have been more than two months and three weeks, as his complaint was signed March 31, 2023. Such a delay likewise doesn't implicate the due process clause. *See Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974); *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)).

that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary when the amendment would be futile. Such is the case here.

For these reasons, the court:

(1) DENIES the Motion to Request Relief or Remedy (ECF 2);

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it fails to state a claim.

SO ORDERED.

April 25, 2023                              *s/ Damon R. Leichty*
                                                               Judge, United States District Court